**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| JASMINE NIXON, on behalf of herself and all others similarly situated, | : : : |
| Plaintiff, | : Case No. 2:24-cv-201-DCR : : |
| v. | : JUDGE : |
| PUTTHUTT NEWPORT, LLC D/B/A PAR 3 EAT DRINK PUTT, | : : PLAINTIFF'S COMPLAINT AND : JURY DEMAND |
| and | : : |
| MOANANUI HARETUKU, | : : |
| and | : : |
| TIFFANY LOUTSENHIZER, | : : |
| Defendants. | : |

COMES NOW Plaintiff Jasmine Nixon, by and through her undersigned legal counsel, and on behalf of herself and all others similarly situated and for her Complaint against Defendants Putthutt Newport, LLC d/b/a Par 3 Eat Drink Putt ("Par 3"), Moananui Haretuku, and Tiffany Loutsenhizer, alleges as follows:

**PARTIES**

1. Plaintiff Jasmine Nixon is a former employee of Defendants Par 3 and Haretuku.

2. Defendant PAR 3 is an Idaho limited liability company with its principal place of business located in this judicial district.

3. Defendant Haretuku is the owner and manager of Par 3, and is responsible for the adverse employment actions alleged herein. Upon information and belief he is a resident of this judicial district.

1

4. Defendant Loutsenhizer is the General Manager of Par 3.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

6. Venue in this Court is proper, as the Defendants are residents of this judicial district and a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

7. Defendants are "Employers" within the meaning of the FLSA.

8. At all times relevant herein, Defendant Haretuku was acting in his capacity as manager of Defendant Par 3.

9. Plaintiff, and the purported FLSA Collective, was employed by Defendants, and was so employed as a tipped employee who was expected to regularly receive tips exceeding $30 in a month, and who was subject to Defendants' policies and/or practices of taking the tip credit for time spent performing tasks not part of the tipped occupation.

10. Plaintiff was employed as a bartender/server.

11. Plaintiff was required to report to work two hours before Defendant Par 3 opened, and during that time, cleaned the dining area and bathrooms.

12. At no point was Plaintiff paid above the tip credit.

13. On or about September 3 or 4, Plaintiff raised her concerns that this practice violated the FLSA to Defendant Tiffany Loutsenhizer, Defendants' General Manager.

14. Defendant Loutesenhizer immediately retaliated against Plaintiff by removing Plaintiff from the work schedule.

15. Plaintiff was terminated on September 19, 2024.

16. Plaintiff communicated her concern that she was being retaliated against to Defendant Haretuku, however, he ratified Defendant Loutesenhizer's actions instead.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

18. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid tips. The proposed FLSA collective is defined as follows:

    All persons who worked, within the last three years, as tipped employees of Defendants, and who either (1) performed non-tipped work or (2) performed directly supporting work for a substantial amount of time, and for which they were paid a "tip credit" wage by Defendants. ("FLSA Collective").

19. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Her opt-in form is attached hereto.

20. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

21. During the applicable statutory period, Plaintiff and the putative FLSA Collective members performed non tipped work (as defined by 29 CFR § 531.56(f)) and were paid only the tip credit wage by Defendants.

22. During the applicable statutory period, Plaintiff and the putative FLSA Collective members performed directly supporting work for a substantial amount of time (as defined by 29 CFR § 531.56(f)) and were paid the tip credit for that work.

23. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

24. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are

numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying full pay for performing non-tipped and/or directly supporting work for a substantial period of time, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(On behalf of Plaintiffs and the FLSA Collective)**

25. Plaintiff and the FLSA Overtime Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

26. The FLSA, 29 U.S.C. §201, *et seq.*, prohibits employers from taking a tip credit for work performed by an employee that is not part of the tipped occupation.

27. Defendants suffered and permitted Plaintiff and the FLSA Collective to perform non-tipped work while only compensating them at the tip credit rate.

28. Defendants suffered and permitted Plaintiff and the FLSA Collective to perform directly supporting work for a substantial amount of time while only compensating them at the tip credit rate.

29. Defendants violated the FLSA by taking the tip credit for the abovementioned work.

30. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income equal to the difference between the tip credit wage and the minimum wage.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## COUNT II – VIOLATION OF THE FLSA

### TERMINATION IN RETALIATION FOR THE EXERCISE OF RIGHTS

**(Plaintiff Nixon as to all Defendants)**

83. Plaintiff Nixon incorporates by reference the preceding paragraphs as if fully restated herein, and further alleges that the decision to terminate Plaintiff was based on: (1) her complaints about Defendants' illegal pay practices and/or (2) Defendants' belief that Plaintiff intended to file a proceeding or testify in a proceeding regarding Defendants' illegal pay practices.

84. Defendants' termination of Plaintiff Sanborn was in retaliation for Plaintiff Sanborn exercising her rights under the FLSA, specifically in violation of §215(a)(3) of the same.

85. As a result of Defendants' unlawful actions, Plaintiff has suffered and will suffer damages, including but not limited to lost wages, liquidated damages, emotional distress, mental anguish, attorneys' fees, and costs.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Judgment that Plaintiff and those similarly situated are employees entitled to protection under the FLSA.

3. Judgment against Defendants for violation of the tip credit provisions of the FLSA

4. Judgment that Defendants violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal law;

6. An award of pre and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**AND WHEREFORE,** Plaintiff Nixon, individually, hereby demands judgment against Defendants as follows:

1. For damages in an amount equal to her lost back pay and benefits;

2. Reinstatement to her previous position,

3. If reinstatement is not feasible or appropriate, an award of front pay for a reasonable period from the date of the trial forward;

4. Liquidated damages in an amount equal to Plaintiff's lost wages;

5. Compensatory and punitive damages in amounts to be determined at trial;

6. A permanent injunction prohibiting Defendant from engaging in further acts of unlawful retaliation against its employees;

7. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

8. All other and further relief to which Plaintiff may be entitled.

> Respectfully submitted,
>
> */s/ Samantha B. Isaacs*
> Samantha B. Isaacs (0100414)
> Finney Law Firm, LLC
> 4270 Ivy Pointe Blvd., Suite 225
> Cincinnati, OH 45245
> (513) 797-2859
> (513) 943-6669-fax
> sbl@finneylawfirm.com
> Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to Count II of her Complaint.

> */s/ Samantha B. Isaacs*
> Samantha B. Isaacs (0100414)