# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DISTRICT

| | | |
|---|---|---|
| JASMINE NIXON | : | Case No. 2:24-cv-201-DCR |
| Plaintiff, | : | Judge Danny C. Reeves |
| vs. | : | |
| PUTTHUTT NEWPORT, LLC, et al., | : | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | : | |

Now comes Defendants PuttHutt Newport, LLC d/b/a Par 3 Eat Drink Putt ("Par 3"), Moananui Haretuku ("Haretuku"), and Tiffany Loutsenhizer ("Loutsenhizer") (collectively, "Defendants"), by and through counsel, and for their Answer to Plaintiff Jasmine Nixon's ("Nixon" or "Plaintiff") Complaint, states as follows in response to the numbered paragraphs of Plaintiff's Complaint:

## PARTIES

1. Defendants admit that Plaintiff is a former employee of Par 3. Defendants deny the remainder of Paragraph 1.

2. Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that Haretuku is the owner of Par 3. Defendants also admit that Haretuku is a resident of this judicial district. Defendants deny the remainder of Paragraph 3.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit that the Complaint purports to raise claims under the Fair Labor Standards Act. Defendants deny the remainder of Paragraph 5.

1

6. Defendants admit that venue is proper in the Eastern District of Kentucky because Defendants are all residents of this judicial district. Defendants deny the remainder of Paragraph 6.

## FACTUAL ALLEGATIONS

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff was employed by Par 3 as a tipped employee, and throughout her employment received tips exceeding $30 in a month. Defendants deny the remainder of Paragraph 9.

10. Defendants admit that Plaintiff was employed by Par 3 as a server. Defendants deny the remainder of Paragraph 10.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff's employment at Par 3 was terminated on September 19, 2024.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

17. Defendants incorporate their answers to Paragraphs 1 through 16 as if fully restated herein.

18. Defendants admit that Plaintiff purports to file this action on behalf of herself and all other similarly situated individuals. Defendants admit that the Complaint purports to define a proposed FLSA collective as identified in Paragraph 18 of the Complaint. Defendants deny the remainder of Paragraph 18.

19. Defendants admit that Plaintiff has attached to her complaint what she represents to be an opt-in form complying with 29 U.S.C. § 216(b). Defendants deny the remainder of Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint seeks a legal conclusion to which no response is required. Answering further, Paragraph 21 cites to a regulation which has been vacated and is no longer in effect. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint seeks a legal conclusion to which no response is required. Answering further, Paragraph 22 cites to a regulation has been vacated and is no longer in effect. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Defendants incorporate their answers to Paragraphs 1 - 24 as if fully restated herein.

26. Paragraph 26 of the Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

## COUNT II – VIOLATION OF THE FLSA
## TERMINATION IN RETALIATION FOR THE EXERCISE OF RIGHTS

32. Defendants incorporate their answers to Paragraphs 1 - 31 as if fully restated herein. Further, Defendants deny the allegations set forth in Paragraph 83 [sic] of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 84 [sic] of the Complaint. Further, the allegations contained in Paragraph 84 [sic] of the Complaint reference an individual not named in this action, and Defendants therefore deny the allegations on that same basis.

34. Defendants deny the allegations set forth in Paragraph 85 [sic] of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36. The Complaint and each purported claim therein are barred, in whole or in part, by any applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

37. The Court lacks jurisdiction over some or all of the Complaint and each purported claim therein.

**FOURTH AFFIRMATIVE DEFENSE**

38. The Complaint and each purported claim therein are barred to the extent the Plaintiff or any potential members of any collective action have executed a release of any claims asserted in this lawsuit.

**FIFTH AFFIRMATIVE DEFENSE**

39. The Complaint and each purported claim therein are barred, in whole or in part, to the extent the Plaintiff or any potential members of any collective action have failed to exhaust statutory and/or administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

40. The Complaint and each purported claim therein are barred or reduced, in whole or in part, to the extent recovery is barred by the doctrines of waiver, release, estoppel, unclean hands, and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**

41. The Complaint and each purported claim therein are barred, in whole or in part, by the *de minimis* doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**NINTH AFFIRMATIVE DEFENSE**

43. The Complaint and each purported claim therein are barred or reduced, in whole or in part, to the extent that Plaintiff or any potential members of any collective action failed to properly mitigate the injury or damages alleged in the Complaint (which Defendants deny).

**TENTH AFFIRMATIVE DEFENSE**

44. The Complaint and each purported claim therein are barred, in whole or in part, because Defendants did not act willfully or recklessly with respect to payment of wages and took substantial efforts to comply with all laws, regulations, and rules concerning employment and payment of wages.

### ELEVENTH AFFIRMATIVE DEFENSE

45. The Complaint and each purported claim therein are barred, in whole or in part, to the extent they seek damages or relief unavailable under the applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

46. Defendants held an honest belief in the reason for Plaintiff's termination.

### THIRTEENTH AFFIRMATIVE DEFENSE

47. The Complaint and each purported claim therein are barred because Defendants have at all times acted in good faith and with reasonable grounds for believing that its actions were in conformity with the law in all respects.

### FOURTEENTH AFFIRMATIVE DEFENSE

48. This action is not properly brought as a collective action because, among other reasons, Plaintiff is not similarly situated to the potential members of any collective she purportedly seeks to represent.

### FIFTEENTH AFFIRMATIVE DEFENSE

49. The Complaint and each purported claim therein are barred to the extent Plaintiff and the potential members of any collective action lack standing to bring certain asserted claims or to seek certain forms of relief sought therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

50. The Complaint and each purported claim therein are barred because Plaintiff and the potential members of any collective action were paid all compensation to which they were entitled under the FLSA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff fails to state a prima facie case under any of the claims or causes of action that have been asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendants concerning Plaintiff were based on legitimate, non-retaliatory reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

52. Defendants hereby give notice of their intent to raise all other affirmative defenses that become available to them during this litigation.

## NINETEENTH AFFIRMATIVE DEFENSE

53. Defendants hereby incorporate all additional affirmative defenses available to them and reserve the right to amend their Answer.

**WHEREFORE,** Defendants PuttHutt Newport, LLC d/b/a Par 3 Eat Drink Putt, Moananui Haretuku, and Tiffany Loutsenhizer request that Plaintiff's Complaint be dismissed with prejudice, awarding Defendants costs incurred, reasonable attorney's fees and expenses, and any and all additional relief to which Defendants are entitled.

Respectfully submitted,

*/s/ Joshua M. Smith*
Joshua M. Smith (0098835)
SSP Law CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jms@sspfirm.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following this 10th day of February, 2025, via the Court's CM/ECF system, and via ordinary and/or electronic mail:

Samantha B. Isaacs
Finney Law Firm, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, OH 45245
(513) 797-2859
(513) 943-6669 (fax)
sbl@finneylawfirm.com
**Attorney for Plaintiff Jasmine Nixon**

                                                  */s/ Joshua M. Smith*
                                                  Joshua M. Smith (0098835)